168 N.J. Super. 502 (1979)
403 A.2d 919
J. BARANELLO & SONS, INC., PLAINTIFF-APPELLANT,
v.
CITY OF PATERSON, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT,
v.
DAVIDSON & HOWARD PLUMBING & HEATING INC., THE CONDITIONING COMPANY, INC., AND INDEPENDENT ELECTRICAL CONSTRUCTION CO. INC., THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 7, 1979.
Decided May 25, 1979.
*504 Before Judges ALLCORN, SEIDMAN and BOTTER.
Messrs. Sisselman & Nitti, attorneys for appellant (Mr. Nathan H. Sisselman on the brief).
Mr. Henry Ramer, attorney for respondent City of Paterson.
No briefs were filed on behalf of third-party defendants-respondents.
PER CURIAM.
The City of Paterson entered into a number of prime contracts for the construction of a project described as "The Administration Building of The Public Safety Complex." Thereafter, three of the contractors, Davidson & Howard Plumbing & Heating Inc., The Conditioning Company, Inc. and Independent Electrical Construction Co. Inc., joined herein as third-party defendants, filed written demands for arbitration against the city pursuant to the arbitration clause contained in the contract documents. Each claimed it was delayed through no fault of its own in the performance of its contract, and sought as relief an extension of time for performance and an adjustment or revision of its contract price because of increased costs for materials and labor and other expenses incurred.
Thereupon, the city filed a demand for arbitration against plaintiff herein, the contractor for general construction. The claim asserted was "[d]efense and if necessary, indemnification on claims brought by other primes; money damages in undetermined amount due to delay in construction of building." The authority for arbitrating the dispute was stated to be "the contract between it and Baranello, and especially under Art. 6.2.3 of the General Conditions * * *." The city alleged that it and the other prime contractors incurred delays because of Baranello's failure to fulfill its obligations under the contract.
*505 Plaintiff filed a complaint in Chancery Division for an adjudication that the relief sought by defendant city was not an arbitrable issue under the contract and to enjoin the city from proceeding with its arbitration demand. An order was entered directing defendant to show cause why the arbitration should not be restrained. Pending the hearing on the order the city brought the third-party defendants into the lawsuit by third-party complaint. After hearing the argument on the return day of the order to show cause, the trial judge determined that the contract did not preclude the city's demand for arbitration. Judgment was entered dismissing the complaint and the third-party complaint. Plaintiff appealed.
The rationale of the trial judge's oral opinion was predicated upon his concept that Article 6.2.3 of the General Conditions of the contract was applicable and also his reliance upon Dobson v. Rutgers, State University, 157 N.J. Super. 357 (Law Div. 1978). This article provided, in substance, that if the contractor should "cause damage to the work or property of any separate contractor on the Project," such contractor would be obligated to endeavor to settle the claim of the other contractor "by agreement or arbitration," and, if the other contractor should sue the owner or initiate arbitration proceedings, to defend such proceedings and pay any judgment or award against the owner. The trial judge was of the view that a "fair reading" of the cited article, as well as Dobson, supported the view that the parties intended the article to apply to any "delay damages." He rejected plaintiff's further arguments that the liquidated damage clause in the contract was in lieu of other damage claims; that the arbitration demands of the third party were premature, and that the city's claim against plaintiff should have been referred first to the architect for decision.
Plaintiff advances on this appeal essentially the same arguments as it did below, though couched in somewhat different language. Although we do not subscribe to the trial judge's *506 rationale or approach to this case, we are nevertheless satisfied from our review of the record that the judgment should be affirmed.
There is a question whether the city's demand for arbitration of its claim against plaintiff for indemnification is, on the facts here present, correctly founded on Article 6.2.3 of the General Conditions. The comparable contract provision in Dobson, which empowered the owner to seek such indemnification from the general contractor with respect to any claim asserted against the owner by any subcontractor, applied to situations where "through the acts or omissions of the contractor, any other contractor or any subcontractor shall suffer loss or damage on the work * * *" (emphasis supplied). Here, however, as indicated, the right to indemnification is triggered where "the Contractor cause[s] damage to the work or property of any separate contractor on the project * * *" (emphasis supplied), and such other contractor sues the owner or initiates an arbitration proceeding against it. It can be argued with some logic that under the Dobson contract the loss or damage suffered by a subcontractor could be from any cause, including delays chargeable to the general contractor, whereas here the provision envisages only actual physical damage to another contractor's "work or property." But we need not resolve that issue because we are of the view that the claim asserted against plaintiff by the city would be arbitrable under another article in the contract.
Article 7.10.1 of the General Conditions provides in pertinent part as follows:
All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decision on matters relating to artistic effect * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. * * *
Our courts have often said that public policy strongly favors arbitration, see Hudik-Ross, Inc. v. 1530 Palisade Ave *507 Corp., 131 N.J. Super. 159, 166 (App. Div. 1974). It follows, therefore, that an agreement relating to arbitration should be read liberally "to find arbitrability if reasonably possible." Moreira Constr. Co. v. Wayne Tp., 98 N.J. Super. 570, 576 (App. Div. 1968), certif. den. 51 N.J. 467 (1968). The arbitration clause contained in Article 7.10.1 is broad in scope. It covers all claims, disputes and other matters arising out of or related to the contract. Cf. Ukrainian Nat. Urban Renewal v. Muscarelle, Inc., 151 N.J. Super. 386, 398 (App. Div. 1977), certif. den. 75 N.J. 529 (1977). There can be no doubt that the city has asserted a claim against plaintiff which arises out of or is related to the contract between them, and is, therefore, arbitrable under the broad language of Article 7.10.1. There is also a clear interrelationship between plaintiff's obligation to the city under its contract and the claims asserted by other contractors against the city. Since the latter stem from delays allegedly caused by plaintiff, and the other contractors have resorted to arbitration to obtain the desired relief, and since the city has also availed itself of the arbitration mechanism to seek indemnification from plaintiff, and also to assert its own claim for money damages resulting from the alleged delay, common sense dictates that all the claims should be heard and decided together in one forum, the arbitration proceeding.
We discern no merit in plaintiff's other stated reasons for enjoining arbitration. To the extent that our comment may be relevant to any particular contention, we simply note that liability should not be confused with arbitrability, Ukrainian Nat. Urban Renewal v. Muscarelle, Inc., supra at 399. Moreover, nothing that we have said hereinabove is to be construed as an expression on the merits of any substantive claim or defense.
Affirmed.